THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL M. COWAN, Relator, *v.* MARK GRAVES and Others, Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, March 6, 1940.

*Sullivan & Cromwell [William F. Kennedy* and *Edwin S. Cohen* of counsel], for the relator.

*John J. Bennett, Jr., Attorney-General [Joseph M. Mesnig, Assistant Attorney-General,* of counsel], for the respondents.

SCHENCK, J. This is a proceeding under article 78 of the Civil Practice Act and sections 199 and 375 of the Tax Law to review a determination of the State Tax Commission which confirmed the assessment of additional income tax against the relator for the year 1934.

The dispute is based upon the levy of an income tax upon certain money received by the relator through his holdings in The Lehman Corporation. The money was paid in quarterly installments in 1934 in the form of dividends. The relator, however, contends that the payments received by him were not dividends because the corporation showed a capital deficit during 1934 and it is conceded that dividends, under New York law, are payable only out of " earnings or profits." (Tax Law, § 350, subd. 8.) The Lehman Corporation, however, is a Delaware corporation and its financial operations are subject to the laws of Delaware.

Section 34 of the General Corporation Law of Delaware (Del. Rev. Code, [1935] chap. 65) provides, in part: " The directors of every corporation created under this Chapter, subject to any restrictions contained in its Certificate of Incorporation, shall have power to declare and pay dividends upon the shares of its capital stock either (a) out of its net assets in excess of its capital as computed in accordance with the provisions of Sections 14, 26, 27 and 28 of this Chapter, or (b), in case there shall be no such excess, out of its net profits for the fiscal year then current and /or the preceding fiscal year; * * *."

Pursuant to this law, the directors of the corporation adopted a resolution on December 6, 1933, providing for payment of a dividend of sixty cents per share on the stock of The Lehman Corporation. That this money was paid out of profits is manifest. Accordingly, the question of whether it was paid out of net assets in excess of capital so as not to impair the capital or create a deficit is immaterial. Under the Delaware law it was sufficient to make the payments out of profits regardless of the effect on the corporate capital.

Accordingly, the dividends having been properly paid as dividends in Delaware, they must be considered dividends under the New York Income Tax Law and subject to taxation on that basis. Any other interpretation of this problem would permit corporations of foreign States and their stockholders to evade payment of New York State income taxes by arranging their books and financial structures in such a manner as to comply with the laws of their own States but not with those of New York.

The final determination of the State Tax Commission should be confirmed.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Determination of the State Tax Commission confirmed, with fifty dollars costs and disbursements.